Stephan M. Brown (SBN 300563)
Daniel J. Griffin (SBN 311236)
NewPoint Law Group, LLP
2408 Professional Drive
Roseville, CA 95661
(800) 920-5351
(916) 242-8588 (fax)
ECF@thebklawoffice.com

Attorneys for Plaintiff
Maher Abou Khzam

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MAHER ABOU KHZAM,<br><br>    Debtor.<br><br>———————————————<br><br>MAHER ABOU KHZAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>    Defendant. | Case No.: 8:22-bk-12142-SC<br><br>Chapter 11<br><br>Adv. Case No.: _____<br><br>COMPLAINT FOR EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A), (4), OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a), DECLARATORY RELIEF TO DETERMINE VALIDITY OR EXTENT OF LIEN, IMPOSITION OF EQUITABLE LIEN, AND CONSTRUCTIVE TRUST |

## COMPLAINT

Plaintiff MAHER ABOU KHZAM ("Creditor" or "Plaintiff"), as a creditor in the above-captioned bankruptcy case, respectfully alleges as follows:

///

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in an underlying bankruptcy case.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this adversary proceeding arises in an underlying bankruptcy case pending in this judicial district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) in that this is an action for the denial of discharge.

4. This proceeding is brought pursuant to 11 U.S.C. §§ 523 and 727 and Rule 7001(2), 7001(4), 7001(7) of the Federal Rules of Bankruptcy Procedure.

5. Creditor consents to the entry of final orders or judgment by the Bankruptcy Court if it is determined that consent of the parties is required by the Bankruptcy Court to enter final orders of judgment consistent with Article III of the United States Constitution.

## FACTS

6. 2nd Chance Investment Firm, LLC ("Defendant" or "Debtor") is the owner of a real estate investment firm known as. Plaintiff is informed and believes that Defendant is wholly owned and operated by Ray Foster.

7. Plaintiff hired Defendant to perform investing services.

8. On May 20, 2022, Plaintiff executed a Promissory Note Secured by Deed of Trust in the amount of $57,500.00, that was to be paid in full plus 15% on January 20, 2023. A true and correct copy of the Promissory Note is attached hereto as Exhibit A and incorporated herein by this reference.

9. Plaintiff executed a Promissory Note Secured by Deed of Trust in the amount of $57,500.00, that was to be paid in full plus 15% on February 7, 2023. A true and correct copy of the Promissory Note is attached hereto as Exhibit B and incorporated herein by this reference.

10. Throughout their business relationship, Defendant's ordinary practice was to send Plaintiff photographs of the property together with a photograph of the homeowner signing the purchase contract to ensure what property secured each promissory note secured by a deed of trust. For these two transactions, Defendant failed to send any pictures, has not provided the

addresses, and has not presented any information to confirm that the promissory notes are secured by deeds of trust as stated in each document.

11.    On January 20, 2022, Defendant texted Plaintiff that he would be doing a Portfolio Refinance to "cash out" investors to reduce his stress. A true and correct copy of the Text Message is attached hereto as Exhibit C and incorporated herein by this reference.

12.    On May 23, 2022, Plaintiff asked Defendant if he had any collateral for potential investors. Plaintiff was told, "We don't usually use collateral it's secured by the note." A true and correct copy of the Text Message is attached hereto as Exhibit D and incorporated herein by this reference.

13.    On October 31, 2022, Plaintiff attempted to call Defendant's cell phone and received a Verizon prompt that the number was changed, disconnected or no longer in service. A true and correct copy of the Text Message is attached hereto as Exhibit E and incorporated herein by this reference.

14.    On November 1, 2022, Plaintiff placed a call to Defendant's wife's cell phone where Plaintiff was told Defendant and spouse are separated and she has not been involved in the business for years. She also did not have a number to contact Defendant. A true and correct copy of the Text Message is attached hereto as Exhibit E and incorporated herein by this reference.

15.    On November 4, 2022, Defendant's business phone number was no longer in service. Plaintiff stopped by the office at 7295 E. Jurupa St., Unit 209, Ontario, CA, and it was occupied by Grace Church, an unrelated business. A true and correct copy of the Text Message is attached hereto as Exhibit E and incorporated herein by this reference.

16.    On December 19, 2022, Defendant's house had been on the market for 5 days for a pending sale. A true and correct copy of the Text Message is attached hereto as Exhibit E and incorporated herein by this reference.

17.    Defendant failed to make payments on either note, and has not provided further information from its business records to determine the validity or scope of Plaintiff's liens.

18.    Defendant filed a chapter 11 bankruptcy case on December 21, 2022.

## FIRST CLAIM FOR RELIEF

(Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)(A))

19. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

20. 11 U.S.C. § 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud . . ." Plaintiff alleges that the conduct of Defendant constitutes an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

21. Accordingly, Plaintiff is entitled to judgment from this Court in an amount subject to proof, including a determination that Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

(Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(4))

22. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

23. 11 U.S.C. § 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

24. Accordingly, Plaintiff is entitled to judgment from this Court in an amount subject to proof, including a determination that Defendant's obligations are not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

**THIRD CLAIM FOR RELIEF**

(Objection to Discharge Pursuant to 11 U.S.C. § 727(a))

25. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

26. 11 U.S.C. § 727(a) allows a creditor to object to entry of a discharge when, among other things:

    a. the debtor, with intent to hinder, delay, or defraud a creditor has or has permitted property of the debtor or estate to be transferred, removed, destroyed, mutilated, or concealed;

    b. the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers related to debtor's financial condition or business transactions; or

    c. the debtor knowingly and fraudulently made a false oath.

27. Based on Defendants false statements on the bankruptcy petition and at the 341 meeting of creditors regarding his business and financial condition, Plaintiff requests the Court deny Defendant a discharge.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief to Determine Validity or Extent of Lien)

28. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

29. An actual controversy has arisen and now exists between Plaintiffs and Defendant regarding their respective rights and duties. Plaintiff asserts that Defendant acquired real or personal property using the funds acquired through Plaintiff's two promissory notes. Defendant possesses the business records required to identify the property at issue, whether the liens were perfected, and whether the property or properties were sold. Defendant disputes those claims.

30. Plaintiff desires a judicial determination of his rights and duties and a declaration as to the validity or extent of any lien.

## FIFTH CLAIM FOR RELIEF

(Equitable Lien)

31. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

32. The doctrines of equity require the imposition of an equitable lien because Plaintiff invested money that was used to benefit Defendant's property. Defendant possesses the business records required to identify the property at issue, whether the liens were perfected, and whether the property or properties were sold.

33. Based on Defendant's representations made and circumstances existing at the time of Plaintiff's investments, Plaintiff is entitled to restitution from Defendant.

34. Defendant solicited Plaintiff's investment expressly on the condition that the funds would be used to acquire property with a lien sought.

### SIXTH CLAIM FOR RELIEF

(Constructive Trust)

35. Plaintiff realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

36. The doctrines of equity require the imposition of constructive trust because Plaintiff invested money that was used to benefit Defendant's property.

37. Based on Defendant's representations made and circumstances existing at the time of Plaintiff's investments, Plaintiff is entitled to restitution from Defendant. Defendant solicited Plaintiff's investment expressly on the condition that the funds would be used to acquire property with a lien sought.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For a declaration of rights between Plaintiff and Defendant regarding the validity and extent of Plaintiff's lien or liens;

2. Alternatively, for an equitable lien imposed against personal or real property of Defendant, or a constructive trust imposed on any rents, proceeds, or profits derived therefrom;

3. For a judgment that Plaintiff's debts be excepted from any discharge entered;

4. Alternatively, for a judgment that no discharge shall be entered in Defendant's bankruptcy case;

5. For attorney's fees and costs pursuant to contract, statute, or applicable law;

6. And any other or further relief the Court deems necessary or proper.

Date: March 27, 2023

/s/ Stephan Brown
Stephan M. Brown
Attorney for Plaintiff
Maher Abou Khzam